UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MICHAEL LEWIS PORT JR.,

   Plaintiff,
v.

ELITE HVAC GROUP, LLC
D/B/A SOLAR BEAR SERVICES,
SOLAR BEAR SERVICES, LLC,
IRAJ JAKE NADJMAZHAR,
DUANE RAPSON, DAVID EVELAND,

   Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

  Plaintiff, MICHAEL LEWIS PORT JR., brings this action against Defendants, ELITE HVAC GROUP, LLC D/B/A SOLAR BEAR SERVICES, SOLAR BEAR SERVICES, LLC, IRAJ JAKE NADJMAZHAR, DUANE RAPSON, and DAVID EVELAND pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff MICHAEL LEWIS PORT JR. was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Defendant, ELITE HVAC GROUP, LLC D/B/A SOLAR BEAR SERVICES, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of HVAC sales, service, and installation, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein,

1

engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

4. At all times material hereto, Defendant, SOLAR BEAR SERVICES, LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of HVAC sales, service, and installation, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Defendants, ELITE HVAC GROUP, LLC D/B/A SOLAR BEAR SERVICES and SOLAR BEAR SERVICES, LLC, are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

6. Defendants, ELITE HVAC GROUP, LLC D/B/A SOLAR BEAR SERVICES and SOLAR BEAR SERVICES, LLC, were joint employers of Plaintiff under the Fair Labor Standards Act, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

7. The individual Defendant IRAJ JAKE NADJMAZHAR is a corporate officer and/or owner and/or manager of the corporate defendants and ran the day-to-day operations of the corporate defendants for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203(d).

8. The individual Defendant DUANE RAPSON is a corporate officer and/or owner and/or manager of the corporate defendants and ran the day-to-day operations of the corporate defendants

for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203(d).

9. The individual Defendant DAVID EVELAND is a corporate officer and/or owner and/or manager of the corporate defendants and ran the day-to-day operations of the corporate defendants for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203(d).

10. Plaintiff accepted employment and worked for Defendants as an HVAC installer.

11. Defendants intentionally did not pay Plaintiff the full and proper overtime wages of 1.5 times Plaintiff's regular hourly rates for all hours worked over 40 each week.

12. Defendants intentionally did not pay Plaintiff the full and proper minimum wages for all hours worked during Plaintiff's employment.

13. Plaintiff's Statement of Claim is attached as <u>Exhibit A</u> to provide initial estimates of damages and may change as Plaintiff engages in the discovery process.

14. Defendants knowingly and willfully failed to pay Plaintiff his legally-entitled wages.

15. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

16. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

17. Plaintiff reallege and incorporate the allegations set forth in paragraphs 1-16 above as if set forth herein in full.

18. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

19. Plaintiff seek recovery of damages as referenced above and further seek interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendant, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791